UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHNNIE E. WARWICK | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:00-cv-321 |
| | ) | 3:96-cr-110 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Johnnie E. Warwick ("Warwick"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

## I.  Standard of Review

This court must vacate and set aside Warwick's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Warwick "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Warwick is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    <u>Factual Background</u>

Warwick was indicted on eight counts of distributing marijuana, in violation of 21 U.S.C. § 841(a)(1), and four counts of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). On the morning of trial, he waived his right to a jury and agreed to a bench trial pursuant to Rule 23(a) of the FEDERAL RULES OF CRIMINAL PROCEDURE. At the conclusion of the proof, Warwick pleaded guilty to the eight drug counts (counts 1, 2, 4, 6, 7, 9, 10, & 11). The court took the gun counts under advisement and subsequently issued an judgment and accompanying memorandum find Warwick guilty on counts 3, 5, and 8, but not guilty on count 12. Warwick received a total effect sentence of 544 months. The judgment was affirmed on direct appeal. *United States v. Warwick*, 167 F.3d 965 (6th Cir.), *cert. denied*, 526 U.S. 1151 (1999).

2

In support of his § 2255 motion to vacate sentence, Warwick alleges the following: (1) ineffective assistance of counsel, (2) a change in the law with respect to a motion for downward departure and sentencing entrapment, and (3) lack of jurisdiction with respect to the drug and gun charges. In an amendment to the § 2255 motion, Warwick claims he is entitled to relief in light of the U.S. Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

III.   Discussion

*A.   Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Warwick must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an

attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Warwick alleges numerous instances of ineffective assistance of counsel. His first two claims are that his waiver of the right to a jury trial and his guilty pleas to the drug charges were not knowing and voluntary because they were the result of ineffective assistance of counsel. Warwick specifically claims his attorney forced him into waiving his right to a jury trial and into pleading guilty to the drug charges.

Warwick signed a written waiver of his Sixth Amendment right to trial by jury. [Criminal Action No. 3:96-cr-110, Court File No. 41, Waiver of Trial by Jury filed March 25, 1997]. He also stated on the record that he was waiving his right to a jury trial freely and without pressure from anyone.

> THE COURT: All right. I suppose for the record it wouldn't hurt to make inquiry of the defendant here in open court.
>
> All right. Mr. Warwick, I have before me a signed waiver of a trial by jury witnessed by your lawyer and by the United States Attorney. I take it that you do waive your right to a trial by jury, is that correct?
>
> MR. WARWICK: Yes, Your Honor.
>
> THE COURT: And you do this freely and nobody has put any pressure on you to do this?
>
> MR. WARWICK: No, Your Honor.

THE COURT: This is what you want to do? Counsel, are you convinced that this man knows exactly what he is doing?

MR. SHIRLEY: He knows what he is doing. I am not going to kid you that it wasn't a difficult decision, you know, to give up an important right like that, but he has weighed with me and with his family the various pros and cons and we have reached a decision that we are comfortable with.

THE COURT: All right. I am going to approve it, okay. I will try your case. All right. You may tell the jury that they are excused, Ms. Spears.

[*Id.*, Court File No. 61, Transcript of Proceedings on March 25, 1997, pp. 5-6].

At the conclusion of the proof, Warwick also pled guilty on the record to the drug charges after the following plea colloquy:

THE COURT: All right. I am going to ask some questions, Mr. Warwick. This is in connection with these counts dealing with selling drugs that your counsel has represented to the Court that you want to plead guilty to. You listen to my questions. If you don't understand them, ask me to repeat it. Let me ask you this. Have you ever been convicted of a felony before?

MR. WARWICK: No, I wasn't convicted, no, sir.

THE COURT: You have never been through this procedure before, have you?

MR. WARWICK: No.

MR. SHIRLEY: Only on misdemeanors, Your Honor.

THE COURT: This a [sic] felony you are pleading guilty to, you understand that, Mr. Warwick. These are felonies, selling drugs. You understand?

MR. WARWICK: Yes, Your Honor.

THE COURT: You are the same Johnnie Edgar Warwick that appeared here a moment ago on the stand, correct?

MR. WARWICK: That is correct.

THE COURT: You are represented here by Mr. Raymond Shirley, correct?

MR. WARWICK: That is right.

THE COURT: You do represent this gentleman?

MR. SHIRLEY: That is correct, Your Honor.

THE COURT: Now, as I understand it, you are going to plead guilty to Counts 1, 2, 4, 6, 7, 9, 10, 11 of the indictment charging you with knowingly, willfully and without authority to distributing marijuana in violation of 21 United States Code, Section 841(a)(1), correct?

MR. WARWICK: That is correct.

THE COURT: You have been, you heretofore waived the reading of the indictment with respect to those counts. Do you still waive the reading of those counts in the indictment?

MR. WARWICK: Yeah, right.

THE COURT: Do you waive the reading of them?

MR. WARWICK: Yes.

THE COURT: All right. How do you plead to the offenses charged in Counts 1, 2, 4, 6, 7, 9, 10, 11 of the indictment, guilty or not guilty?

MR. WARWICK: Guilty.

THE COURT: You understand that having been sworn, your answers to my questions will be subject to the penalties of perjury or making false statement, if you don't answer truthfully?

MR. WARWICK: Right.

THE COURT: I understand you went through the 7th grade, right, Mr. Warwick?

MR. WARWICK: I didn't go through the 5th grade.

THE COURT: You were raised up here in Knoxville?

MR. WARWICK:  No.

THE COURT:  Where were you raised, up in Maynardville?

MR. WARWICK:  Yes, Your Honor.

THE COURT:  Maynardville, Tennessee.  All right.  Now, you worked for your daddy, is that right?

MR. WARWICK:  Worked in the garage, yes, I did.

THE COURT:  In the garage there in Maynardville?

MR. WARWICK:  Yes.

THE COURT:  You never had any really formal education have you?

MR. WARWICK:  Not a whole lot, no.

THE COURT:  Now, you told your lawyer everything you know about this case?

MR. WARWICK:  I sure have.

THE COURT:  You believe that he is fully aware of all of the facts upon which these charges are based?

MR. WARWICK:  I am sorry.

THE COURT:  Do you believe that he is, your lawyer is fully aware of the all of the facts upon which these charges are based?

MR. WARWICK:  Yes, I do.

THE COURT:  Has he advised you as to the nature, meaning and cause for these charges?

MR WARWICK:  Yes, he has.

THE COURT:  Has he specifically advised you as to each and every element of offense charged which the government must prove you guilty of beyond a reasonable doubt?

MR. WARWICK:  Yes, he sure did.

THE COURT:  And has he advised you of the meaning of any and all words in the offense charge which you may not have understood?

MR. WARWICK:  He has done quite well on it.  I have understood it.

THE COURT:  Has he advised you as to any defenses you might have to these charges?

MR. WARWICK:  Yes.

THE COURT:  You are satisfied with the advice he has given you I take it?  You are satisfied with the advice he has given you?

MR. WARWICK:  Yes.

THE COURT:  Have you had enough time to talk to him about it?

MR. WARWICK:  Yeah.

THE COURT:  Discuss it with him?

MR. WARWICK:  Yes, Your Honor.

THE COURT:  You satisfied with his representation of you?

MR. WARWICK:  Yes.

THE COURT:  Mr. Shirley, have you advised him as to each and every element of the offense charged?

MR. SHIRLEY:  Yes.

THE COURT:  Are satisfied he understand the elements as well as the legal definitions of all of the words in the offenses charged?

MR. WARWICK [sic]:  Yes.

THE COURT:  Now, the Court advises you, Mr. Warwick, the maximum penalty provided by law for each of these charges is you serve not more than five years, pay a fine of not more than $250,000 or both.  There is also a term of supervised release of at least two years and a mandatory special

assessment in the amount of $100 on each count for a total of $800. Knowing that that is the penalty, maximum penalty provided by law, you still wish to plea guilty?

MR. WARWICK: Yes.

THE COURT: You understand that any sentence you receive in this matter will be determined by the sentencing guidelines. You understand that? You and your lawyer have talked about those guidelines, haven't you, the sentencing guidelines?

MR. WARWICK: Yes, Your Honor.

THE COURT: Has your lawyer explained those guidelines to you, about what the guidelines provide for in the way of punishment in your case?

MR. WARWICK: Yes, Your Honor.

THE COURT: All right. Now, what do those guidelines says [sic] with respect to these drug charges? How much time you looking at here, if I accept your plea of guilty?

MR. WARWICK: Five years on each one I think is right.

THE COURT: Sir?

MR. WARWICK: Five years on each one.

THE COURT: Is that up to five years?

MR. SHIRLEY: Based on the amounts.

THE COURT: Knowing that you still wish to plead guilty?

MR. WARWICK: Yes, Your Honor.

THE COURT: Have you explained the guidelines to this gentleman? You think he understands the ramifications of them?

MR. SHIRLEY: I think he understands them.

THE COURT: You understand, sir, if your plea of guilty is accepted here this court may or may not put you on probation?

MR. WARWICK:  Yes, I do.

THE COURT:  You know, knowing that you still wish to pled guilty?

MR. WARWICK:  Yes, I do.

THE COURT:  You are not on probation for any previous offense at this time?

MR. WARWICK:  No, Your Honor, never got on probation.

THE COURT:  When you plead guilty you give up certain constitutional rights:  the right to plead not guilty, right to trial by jury, presumption of innocence if tried, the right to the assistance of counsel, right to confront and cross-examine witnesses brought in against you, the right not to be compelled no [sic] incriminate yourself and the right to require the government to prove you guilty beyond a reasonable doubt.  You give up those rights when you plead guilty.  You understand that?

MR. WARWICK:  I understand, Your Honor.

THE COURT:  Has any officer or agent of the government promised or suggested that you will receive a lighter sentence or any other form of leniency, if you plead guilty?

MR. WARWICK:  No, Your Honor.

THE COURT:  Has any person, including any officer of agent of the government, put pressure on you mentally or physically to force you to plead guilty?

MR WARWICK:  No.

THE COURT:  Are you pleading guilty to these drug charges here, sir, for any other reason other than the fact that you are guilty?

MR. WARWICK:  No.  I am just guilty of it.

[*Id*. at 342-349].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will

not be vacated on the ground that the plea of guilty was coerced where the defendant was

"carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). In addition, it is well-settled that where a court scrupulously follows the requirements of FED. R. CRIM. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Accordingly, Warwick cannot now allege that his guilty pleas were coerced by his attorney. Likewise, he cannot claim that his waiver of trial by jury was coerced.

Warwick next alleges his attorney failed to raise a defense of entrapment at trial and on appeal. In order to maintain an entrapment defense, a defendant must show "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Mathews v. United States*, 485 U.S. 58, 62-63 (1988).

This court previously noted the following:

> First, there is no question, in the court's opinion, that the law enforcement community specifically targeted the defendant, hoping to catch him committing one or more crimes – preferably federal. And the law enforcement community's motivation could not have been any more compelling or understandable. It is undisputed that the defendant was present when an off-duty Knoxville policeman was killed. Moreover, a firearm owned by the defendant was the weapon used to kill that policeman. Yet, the defendant has never been charged with respect to that shooting. Nevertheless, while the defendant may have eluded charges with respect to the shooting incident, Officer Lipscomb would insure that the defendant would no longer elude justice. The match-up between Officer Lipscomb and the defendant was

truly the classic case of a seasoned professional being assigned to catch a rank amateur. It was anything but a battle of equals; however, the law does not demand that the adversaries be on equal footing. Furthermore, even though the defendant was outwitted by the undercover officer, it must be emphasized that the defendant candidly admitted at trial that, "no one made him do anything." It must also be noted that the defendant may have been intoxicated to some extent when these various firearm offenses occurred. Nevertheless, in the court's opinion, this creates more – not less – risk to the public in general and to the undercover officer in particular when the defendant is in possession of a loaded firearm. In other words, the defendant's arguable inebriated condition does not operate as some sort of mitigating circumstance. Rather, it is an aggravating factor and of grave concern to the court.

[Criminal Action No. 3:96-cr-110, Court File No. 49, Memorandum Opinion, pp. 31-32].

Nevertheless, based upon the entire record, the court finds that Warwick could not have maintained a viable entrapment defense. Accordingly, his attorney did not render ineffective assistance of counsel by failing to pursue such a defense at trial or on direct appeal. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal); *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Warwick's next allegation is that his attorney failed to raise at sentencing a defense of entrapment. According to Warwick, he was entitled to a downward departure because he was "entrapped" into committing repeated violations of the same offense in order to expose him to a greater punishment. He relies on *United States v. Coleman*, 188 F.3d 354 (6th Cir. 1999), to support this proposition.

In *Coleman*, the Sixth Circuit noted the following: "Even before *Koon*[1], courts had, in some instances, granted downward departures based in part on improper actions of the government. For example, courts have utilized downward departures in cases where the government has induced a defendant to commit a crime, but the defense of entrapment is not warranted." 188 F.3d at 358 n.3 (citing *United States v. McClelland*, 72 F.3d 717 (9th Cir. 1995); *United States v. Wise*, 976 F.2d 393 (8th Cir. 1992)).

This court first notes, however, that the Sixth Circuit has never recognized sentencing entrapment as a valid basis for a downward departure. *See, e.g., United States v. Watkins*, 179 F.3d 489, 503 n.14 (6th Cir. 1999) ("We note that this court has yet to acknowledge that sentencing entrapment, even if proven, constitutes a valid basis for a downward departure."); *United States v. Jones*, 102 F.3d 804, 809 (6th Cir. 1996) ("While other circuits have recognized sentencing entrapment, this circuit has never acknowledged sentencing entrapment as a valid basis for a downward departure under the guidelines.").

In addition, the issue in *Coleman* involved a downward departure from the sentencing guidelines based upon the amount of drugs involved. The cases cited by the *Coleman* court, *McClelland* and *Wise*, also involved departures from the guidelines. With the exception of his drug convictions, for which he received concurrent four-month sentences, however, Warwick's sentences on the gun convictions were mandated by statute, not merely by the sentencing guidelines, and thus the court lacked authority to grant a downward departure absent a motion from the government. *See* 18 U.S.C. § 3553(e). Accordingly, Warwick's attorney was not ineffective in failing to move for a downward departure.

---

[1]*Koon v. United States*, 518 U.S. 81 (1996).

Warwick next claims his attorney should have argued that the drug distribution counts were multiplicitous because the drugs that formed the basis for each count were from the same inventory. He relies on *United States v. Stephens*, 118 F.3d 479 (6th Cir. 1997), for this proposition. In *Stephens*, the Sixth Circuit held that a defendant who had "two different caches of cocaine with two distinct identities" on the same date could "be convicted of only one count of *possession* with intent to distribute cocaine." *Id*. at 482 (emphasis added).

The defendant in *Stephens* was charged with possession of drugs; conversely, Warwick was charged with multiple counts of *distribution* of marijuana.

> [Title] 21 U.S.C. § 841(a) contains simple and unambiguous language prohibiting the distribution of a controlled substance. Distribution is defined elsewhere in the statute as delivery or "the actual, constructive, or attempted transfer of a controlled substance." The language of the statute unequivocally indicates that the government may prosecute each individual act of distribution. Individual acts may be prosecuted even if they are part of a single plan. Furthermore, it is permissible to impose separate sentences when the violations charged and proved arise out of discrete transactions.

*United States v. Zuleta-Molina*, 840 F.2d 157, 158-59 (1st Cir. 1988) (quoting 21 U.S.C. §§ 802(8), (11)) (citations omitted). Accordingly, Warwick's multiplicitous argument lacks merit and his attorney was not ineffective in failing to raise the argument.

Warwick's next claim is that his attorney failed to pursue a plea agreement, although instructed to do so, and advised him to go to trial. At the time he pleaded guilty, however, Warwick stated that he was satisfied with the advice of his counsel. [Criminal Action No. 3:06-cr-110, Court File No. 61, Transcript of Proceedings, pp. 345-46]. He made no mention at that time that counsel had disregarded instructions to pursue plea negotiations.

Warwick is bound by his statements to the court. There is nothing in the record to suggest Warwick asked his attorney to pursue a plea agreement, other than his self-serving statement in support of § 2255 relief. A § 2255 movant has the burden of proving the substance of his allegations and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962). In addition, Warwick "has not overcome the presumption that [his] attorney's decision not to pursue a plea bargain was the result of something other than a reasonable strategy based entirely upon [Warwick's] claim of innocence." *McClendon v. United States*, No. 94-3922, 1995 WL 154884 (6th Cir. April 6, 1995) (unpublished decision).

Warwick next alleges that he was denied ineffective assistance of counsel based upon the totality of counsel's errors. The court having found no errors on the part of Warwick's counsel, this allegation lacks merit. Based upon the foregoing, Warwick has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

## B. Change in the Law

Warwick alleges that the Supreme Court decision in *Koon v. United States*, 518 U.S. 81 (1996), together with the Sixth Circuit decision in *United States v. Coleman*, 188 F.3d 354 (6th Cir. 1999), gave this court discretion to grant a downward departure based upon

sentencing entrapment. As determined during consideration of Warwick's allegations of ineffective assistance of counsel, this argument lacks merit.

## C. Jurisdiction

Warwick claims this court lacked jurisdiction of these offenses. He first alleges that the marijuana was "home grown" and thus did not travel in interstate commerce. Whether the marijuana traveled in interstate commerce is irrelevant; the courts have uniformly upheld Congress' authority over "drug crimes that occur solely intrastate." *United States v. Brown*, 276 F.3d 211, 214 (6th Cir. 2002) (listing the circuit courts that have addressed the issue). *See also United States v. Leshuk*, 65 F.3d 1105, 1111-12 (6th Cir. 1995) ("Congress has the authority under the Commerce Clause to criminalize the intrastate possession, distribution, and sale of controlled substances.")

Warwick next alleges that the government failed to prove that the firearms involved in his gun convictions were manufactured outside the State of Tennessee, and thus failed to prove the essential element of interstate commerce. Interstate commerce is not an element of carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1), and thus this argument lacks merit. *See, e.g., United States v. Smith*, 320 F.3d 647, 655 (6th Cir. 2003) ("Unlike Section 922(g)(1), however, a conviction under 18 U.S.C. § 924(c)(1) does not require proof of an interstate nexus element.") (citation omitted).

*D. Apprendi*

In an amendment to his § 2255 motion, Warwick alleges he is entitled to relief pursuant to the U.S. Supreme Court decision of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* was decided after Warwick's conviction was final. "We conclude that *Apprendi* does not apply retroactively to initial § 2255 motions as it is not a watershed rule of criminal procedure. We also conclude that *Apprendi* does not create jurisdictional problems for the federal district courts to hear cases where the drug quantity is not specified in the indictment." *Goode v. United States*, 305 F.3d 378, 381 (6th Cir.), *cert. denied*, 123 S. Ct. 711 (2002). Accordingly, *Apprendi* does not afford Warwick any relief.

IV.   Conclusion

Warwick is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
        *s/  James H. Jarvis*
        UNITED STATES DISTRICT JUDGE