UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JOHNNIE E. WARWICK, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:96-CR-110-PLR-CCS-1 |
| | ) | | 3:16-CV-409-PLR |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Federal prisoner Johnnie E. Warwick ("Petitioner") filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 on May 20, 2000 [Doc. 1].[1] This Court denied the same with prejudice on November 24, 2005 [Docs. 19, 20]. Petitioner recently submitted a second collateral challenge to the same criminal conviction [Doc. 73, *Warwick II*]. This most recent petition seeks sentencing relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*].

Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in the District Court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the District Court to consider the motion. 28 U.S.C. § 2255(h). No such order has been received by this Court.

---

[1] The instant action is one of two civil cases in which Petitioner has challenged the same criminal conviction [E.D. Tenn. Case No. 3:96-cr-110-PLR-CCS-1]: the first was filed on May 30, 2000, *Warwick v. United States*, 3:00-cv-321-JHJ (*Warwick I*), and the second was filed on June 27, 2016, *Warwick v. United States*, 3:16-cv-409-PLR (*Warwick II*). Unless otherwise specified, citations to the record reference the former case, *Warwick I*.

Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** the filing [Doc. 73, *Warwick II*] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**ORDER ACCORDINGLY.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**