# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:96-CR-110 |
| | ) | REEVES |
| JOHNNIE E. WARWICK | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court are three *pro se* filings from Defendant Johnnie E. Warwick. First, Mr. Warwick requests that he be resentenced in light of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), and asks for appointed counsel to assist him. [D. 81]. Second, Mr. Warwick asks to supplement his letter to add a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [D. 83]. Third, Mr. Warwick moves to expedite the Court's consideration of his compassionate release motion and asks for appointed counsel to assist him in his compassionate release matter. [D. 84].

As follows, Mr. Warwick's first letter [D. 81] will be construed as a second or successive motion under 28 U.S.C. § 2255 and will be transferred to the Sixth Circuit. His request for appointment of counsel for resentencing will be denied as moot. The Court will grant Mr. Warwick's motion to expedite [D. 84], and the government will be directed to respond to Mr. Warwick's motion for compassionate release within seven days. Moreover, the Court will appoint counsel to represent Mr. Warwick in any further briefing or hearings regarding his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

1

## I. Background

On December 3, 1996, Mr. Warwick was indicted on eight counts of distributing marijuana, in violation of 21 U.S.C. § 841(a)(1), and four counts of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). [D. 11]. On March 25, 1997, the morning of trial before the Honorable James H. Jarvis, Chief United States District Judge, Mr. Warwick waived his right to a jury and agreed to a bench trial pursuant to Federal Rule of Criminal Procedure 23(a). [D. 41]. At the conclusion of the presentation of proof, Mr. Warwick pleaded guilty to the eight drug charges, Counts 1, 2, 4, 6, 7, 9, 10, and 11 of the Indictment, and the Court took the gun charges, Counts 3, 5, 8, and 12, under advisement. In a subsequent judgment and accompanying memorandum, Judge Jarvis found Mr. Warwick guilty of three of the gun charges under § 924(c).

On July 17, 1997, Judge Jarvis sentenced Mr. Warwick to 4 months of imprisonment as to each drug charge to be served concurrently, 60 months for Count 3, to be served consecutively, 240 months for Count 5, to be served consecutively, and 240 months as to Count 8, to be served consecutively. This resulted in a total sentence of 544 months of imprisonment. Mr. Warwick appealed, but the judgment was affirmed. *United States v. Warwick*, 167 F.3d 965 (6th Cir.), *cert. denied*, 526 U.S. 1151 (1999).

On May 30, 2000, Mr. Warwick filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, docketed as case number 3:00-CV-321, which was denied. [D. 71, 71]. On August 17, 2011, Mr. Warwick filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of West Virginia, which was denied. *See Warwick v. Deboo*,

No. 5:11-CV-114, 2012 WL 602622, at *1 (N.D.W. Va. Feb. 23, 2012), *aff'd*, 474 F. App'x 121 (4th Cir. 2012). On November 16, 2015, Mr. Warwick filed a motion in the Sixth Circuit pursuant to 28 U.S.C. § 2244, asking for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied. *See In re Johnnie Warwick*, No 15-627, D. 1, 8. On June 27, 2016, Mr. Warwick filed another motion to vacate his sentence pursuant to 28 U.S.C. § 2255, docketed as case number 3:16-CV-409, which was transferred to the Sixth Circuit for authorization and denied. [D. 73, 78, 79, 80].

On February 3, 2020, Mr. Warwick submitted a letter to the Court, asking that he be appointed an attorney and resentenced due to the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019). [D. 81]. The government has not responded.

On February 21, 2020, Mr. Warwick filed a motion to supplement his previous letter to move for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [D. 83]. On June 19, 2020, Mr. Warwick filed a motion to expedite his motion for compassionate release due to his declining health, which has led to his hospitalization, and moved for the appointment of counsel to represent him in the matter. [D. 84].

## II.  Analysis

The Court will first address Mr. Warwick's letter asking the Court to resentence him pursuant to *Davis*, along with his request for appointed counsel. Next, the Court will address Mr. Warwick's motion for compassionate release, his request to expedite the Court's consideration of his motion, and his request for appointed counsel regarding compassionate release.

3

### A. Motion for Resentencing

Mr. Warwick's letter asserts that *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidated the whole of 18 U.S.C. § 924(c), requiring the Court to vacate his sentence and resentence him.[1] In other words, Mr. Warwick is collaterally attacking his conviction and sentence. However, Mr. Warwick has filed previous § 2255 motions in this Court attacking the same conviction and sentence. [D. 67, 73]. The first motion was denied on the merits, and the second motion was transferred to the Sixth Circuit for approval to proceed, which was denied. [D. 71, 79, 80].

A second or successive § 2255 motion is permissible only if the court of appeals certifies that the motion rests on "(1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *See In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020). Because Mr. Warwick's first § 2255 motion was denied and dismissed on the merits, that dismissal has a preclusive effect for purposes of § 2244, *see, e.g.*, *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997), and he must obtain an order from the circuit court authorizing this Court to consider his second or successive motion. 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). When a petitioner files a second or successive § 2255 motion with a district court without previously obtaining authorization from the court

---

[1] To the extent that Mr. Warwick alternatively asserts that the First Step Act mandates resentencing, Section 403 modified the language of 18 U.S.C. § 924(c) for pending and future cases. *See* First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat 5194, 5221–22 (2018). In other words, Section 403 of the First Step Act is not *inherently* retroactive and does not, by itself, compel resentencing.

4

Case 3:96-cr-00110-PLR-CCS   Document 85   Filed 06/24/20   Page 4 of 6   PageID #: 100

of appeals, the district court must transfer the motion to the appellate court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Here, Mr. Warwick's letter seeks to collaterally attack his sentence in light of *Davis* as a basis for his request for resentencing.[2] Consequently, the letter is properly construed as a second or successive motion to vacate under 28 U.S.C. § 2255. Because the Court has not received authorization from the Sixth Circuit to adjudicate the merits of Mr. Warwick's successive § 2255 motion, the motion will be transferred to the Sixth Circuit. *See In re Sims*, 111 F.3d at 47. Accordingly, Mr. Warwick's request for appointment of counsel will be denied as moot.

### B. Motion for Compassionate Release and Motion to Expedite

Mr. Warwick has also moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asked the Court to expedite its adjudication of the motion, and asked the Court to appoint counsel to represent him in the matter.

Here, Mr. Warwick has stated that he has exhausted his administrative remedies with the Bureau of Prisons, as is required by statute, and has provided documentation to that effect. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020). Moreover, he requests expedited consideration of his motion due to his declining health, which has required hospitalization, and asks that he be appointed counsel to represent him.

---

[2] The Court notes that *Davis* invalidated § 924(c)(3)(B), the residual clause to the definition of a "crime of violence," not § 924(c)(2), the definition of "drug trafficking crime" applicable in this case. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

5

Mr. Warwick's motion to expedite the matter will be granted. Consequently, the government will be directed to respond Mr. Warwick's motion for compassionate release in an abbreviated time frame and the Court will expedite its adjudication of the motion once it becomes ripe. Likewise, the Court will appoint counsel to represent Mr. Warwick in any further briefing or hearings that may occur.

### III. Conclusion

In light of the foregoing, the Clerk is **DIRECTED** to **TRANSFER** Mr. Warwick's construed motion to vacate his sentence under 28 U.S.C. § 2255 [D. 81] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. Mr. Warwick's concurrent request for appointment of counsel in that matter is **DENIED as moot**.

Mr. Warwick's motion to expedite his compassionate release motion [D. 84] is **GRANTED**. The United States is **DIRECTED** to respond to Mr. Warwick's motion for compassionate release [D. 83] no later than **June 30, 2020**. Moreover, the Court **ORDERS** that Federal Defender Services of Eastern Tennessee, Inc. will be appointed to represent Mr. Warwick in any further briefing or hearings that may occur. Should Mr. Warwick wish to reply to the government's response, he must do so within seven days of the filing of that response.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**