UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:96-CR-110 |
| | ) | |
| JOHNNIE E. WARWICK | ) | |

**MEMORANDUM OPINION**

Now before the Court is the defendant's renewed *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), along with the supplemental motion filed by counsel. [Docs. 93, 94]. The United States has responded to the motions [docs. 97, 101], and the defendant has not replied within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motion for compassionate release will be granted.

## I. BACKGROUND

In July 1997, the Honorable James H. Jarvis sentenced the defendant to a net term of 544 months' imprisonment on eight counts of marijuana distribution and three counts of use and carrying of a firearm during and in relation to a drug offense. The defendant is presently housed at FCI Ashland with a projected release date of July 10, 2035. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited November 30, 2020). The defendant now moves for compassionate release due to the COVID-19 pandemic, his age (72), arthritis, COPD, hypertension, and hyperlipidemia. The defendant also cites his rehabilitative efforts, and he argues that he would receive a far lesser term of imprisonment if sentenced today under current law.

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have generally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at

least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, ___ F.3d ___, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020) (Guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release.").[1]  "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Id.* at 11.

### A. Exhaustion

The defendant has previously submitted a request for compassionate release to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 94, exs. 1-2]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic, his age (72), arthritis, COPD, hypertension, hyperlipidemia, and his rehabilitative efforts. The defendant also argues that he would receive a far lesser term of imprisonment if sentenced today under current law.[2]

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

[2] The United States' response brief [doc. 97] was filed prior to the Sixth Circuit's issuance of its *Jones* opinion. In its response, addressing this case under the then-pertinent § 1B1.13 policy statement, the United States conceded that the defendant's "medical conditions [specifically, COPD] constitute an extraordinary and compelling reason under U.S.S.G. § 1B1.13 and defer[red] to the Court's discretion whether immediate release is appropriate on the specific facts of this case." [Doc. 97, p. 2, 14]. Additionally, citing the defendant's post-sentencing conduct, the United States further conceded that the Court could "find that Warwick is not a danger to the safety of the community." [*Id.*, p. 15].

Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the defendant's arguments and the broader facts of this case in light of the relevant § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
>     (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>     (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> (5) any pertinent policy statement—
>
> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

BOP medical records submitted by the United States show that the defendant has been diagnosed with hyperlipidemia, hypertension, COPD, and rheumatoid arthritis. [Doc. 101]. He is treated with arthritis medication which he tolerates, but joint deformity and decreased range of active and passive motion has been noted by a BOP physician. [*Id.*]. In August 2019, the defendant's COPD was exacerbated by a bout of pneumonia. [*Id.*]. The defendant is 72 years' old. [*Id.*]. Persons with COPD are presently considered to be at increased risk of severe illness from COVID-19, as are older adults. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 30, 2020).

5

Case 3:96-cr-00110-RLJ-CCS   Document 102   Filed 12/01/20   Page 5 of 8   PageID #: 280

Turning to the defendant's background, in the instant case he sold marijuana on multiple occasions to an undercover officer and he exchanged firearms with that officer. [Presentence Investigation Report ("PSR"), ¶¶ 4-36]. The defendant admittedly used guns and knives for protection or enforcement. [*Id.*, ¶¶ 20, 23, 27-28, 36]. His relationship with the undercover officer began when the defendant "was attempting to hire the undercover officer to seriously injure two individuals." [*Id.*, ¶ 5]. The defendant had "an extensive problem associated with alcohol abuse." [*Id.*, ¶ 59]. Plainly, when sentenced, the defendant was a dangerous man.

The defendant's post-sentencing transformation, however, has been extraordinary. He has been in BOP custody since 1997, yet his BOP SENTRY Report shows only one disciplinary infraction (in 2007, for refusing a work or programming assignment) over the course of more than 23 years' incarceration. The defendant has a low security classification and is considered by the BOP to have a minimum risk of recidivism. He worked for years as a quality assurance inspector for a UNICOR furniture factory. He has participated in almost 3,000 hours of quality assurance training and took almost 1,500 hours of coursework in pursuit of his GED.

The defendant has submitted a proposed release plan. [Doc. 94, p. 2]. The United States Probation Office has investigated that plan and has no objection.

Lastly, while not dispositive, the Court is mindful that, if the defendant were sentenced today for the same offenses, he would receive a much lower term of imprisonment. *See* Fair Sentencing Act of 2018, § 403, Pub. L. No. 115-391, 132 Stat. 5194. Of course, Section 403 of the First Step Act applies only to persons who had not yet been sentenced as of Act's

enactment date – December 21, 2018. *See* 132 Stat. 5194, 5222.

Having considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments raised in the instant motions, the Court finds extraordinary and compelling reasons justifying the requested compassionate release. In light of the defendant's physical condition, age, and post-sentencing conduct, the Court concludes that continued incarceration would not serve the goals of sentencing as set forth in the § 3553(a) factors. As for the considerations of adequate deterrence and the avoidance of unwarranted sentence disparity, the Court notes that the defendant has—without consideration of good time credit—served more than 23 years in prison. As evidenced by his SENTRY Report, the defendant has by all accounts been sufficiently punished and sufficiently deterred. Further, a term of supervised release remains in place and two additional special conditions of supervision will be imposed.

### III. CONCLUSION

As provided herein, the defendant's motions for compassionate release [docs. 93, 94] will be granted.

While on supervised release the defendant shall be subject to the following additional special conditions of supervision:

> 1. The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this

violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as he is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

8

Case 3:96-cr-00110-RLJ-CCS   Document 102   Filed 12/01/20   Page 8 of 8   PageID #: 283